UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.

DEBRA THOMPSON,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff DEBRA THOMPSON sues Defendant CARNIVAL CORPORATION, a Panamanian corporation doing business as CARNIVAL CRUISE LINES, and alleges upon information and belief:

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff DEBRA THOMPSON is sui juris and a permanent resident of the State of Michigan.

2.    Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami, Miami-Dade County, Florida. At all material times Defendant CARNIVAL CORPORATION has done business under the fictitious name CARNIVAL CRUISE LINES.

3.    This court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds Seventy Five Thousand Dollars and No/100

($75,000.00) Dollars, exclusive of interest and costs, and complete diversity of citizenship exists between the parties as alleged above.

4.     In personam jurisdiction over the parties exists since Defendant CARNIVAL is and at all material times has been doing business in Florida, with its principal place of business in Miami, Florida, within this district.

5.     The ticket Contract incorporated by reference into the contract of carriage between the Plaintiff and the Defendant indicates in its Paragraph 12(c) that actions for injuries brought by the Plaintiff against the Defendant "shall be litigated, if at all, before the United States District Court for the Southern District of Florida in Miami," in cases such as this one where federal subject matter jurisdiction exists.  A copy of this contract, redacted to remove the name and identifying information of the Plaintiff and her traveling companions, is attached as Exhibit A.   Venue in this district is therefore appropriate.  Venue is also appropriate pursuant to 28 U.S.C. § 1391(b), since Defendant CARNIVAL is and at all material times has been doing business in this district and in Miami-Dade County, Florida.

## PRELIMINARY ALLEGATIONS

6.     The Defendant CARNIVAL is and at all material times has been in the business of providing marine cruises to paying passengers.  At all material times it operated the cruise vessel "Imagination" among others, for this purpose.

7.     On or around January 5, 2011, the Plaintiff and her husband purchased tickets for a cruise vacation aboard Defendant CARNIVAL's vessel the "Imagination." The cruise itinerary embarked out of the port in Miami, Florida on May 14, 2012.

8.     On May 17, 2012, during the course of the voyage referred to in Paragraphs 7 and 8, the Plaintiff was entering the dining room from the Lido deck. In order to access the

dining room the Plaintiff had to enter through an automatic sliding glass door. As the Plaintiff entered the dining room the sliding door did not retract open properly and closed on the Plaintiff causing her to fall to the ground and as a result she was injured.

9. On November 9, 2012 the Plaintiff through counsel submitted by letter a written notice of claim to the Defendant as required by Paragraph 12(a) of the Ticket Contract. A copy of the November 9, 2012 notice of claim letter, is attached as Exhibit B.

## COUNT I - NEGLIGENCE

10. The Plaintiff adopts, realleges and incorporates by reference all the jurisdictional and preliminary allegations of Paragraphs 1 through 9 above as if set forth in full in this Paragraph and further alleges the following matters.

11. At all material times, the Defendant CARNIVAL failed to exercise reasonable care regarding maintaining and operating the automatic sliding door referenced in paragraph 9. The specific acts or omissions by CARNIVAL constituting negligence included in one or more of the following:

    a. Failing to exercise reasonable care installing, operating, and or maintaining the automatic sliding door;

    b. Failure to maintain the sliding door in a reasonably safe condition;

    c. Failure to exercise reasonable care testing or inspecting the door for defects and malfunctions;

    d. Failure to repair or replace the sliding door before the Plaintiff was injured;

    e. Failure to exercise reasonable care establishing, implementing, and enforcing safe policies and procedures regarding access to the dining room through the Lido deck in light of the defective/malfunctioning sliding door;

  f. Failing to warn the Plaintiff concerning the malfunctioning sliding door;

  g. Failing to otherwise exercise reasonable care;

  12. At all material times, Defendant Carnival allowed a dangerous condition to exist on their vessel, knew, or should have known the sliding door was defective, malfunctioned, and failed to take reasonable measures to make it safe and that Plaintiff was at risk of sustaining a physical injury.

  13. As a direct and proximate result of one or more of the negligent acts described in paragraph 11, the Plaintiff was injured about her body and extremities, suffered physical pain and suffering and mental and emotional anguish therefrom, suffered loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits and pleasures of life, incurred medical expenses in the care and treatment of her injuries, including surgical repair, and she has lost earnings and has sustained a loss of earning capacity. These injuries and damages are permanent or continuing in nature, and Plaintiff will continue to sustain these injuries and damages in the future.

  **WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands jury trial of all issues so triable.

  Executed this 28th day of January, 2013.

          /s/ *Nicholas Gerson*
          NICHOLAS I. GERSON
          Fla. Bar No. 0020899
          Ngerson@gslawusa.com
          GERSON & SCHWARTZ, P.A.
          1980 Coral Way
          Miami, Florida 33145
          Telephone: (305) 371-6000
          Facsimile: (305) 371-5749